IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACQUIE CHRISTIAN, | ) |
| | ) |
| Petitioner-Appellant | ) |
| | ) |
| v. | ) No. 25-1186 |
| | ) |
| COMMISSIONER OF INTERNAL REVENUE, | ) |
| | ) |
| Respondent-Appellee | ) |

**APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE**

Under Federal Rule of Appellate Procedure 27(a) and Circuit Rule 3-6, respondent-appellee, the Commissioner of Internal Revenue, moves the Court to summarily affirm the decision below.

This is an income tax deficiency case. The Tax Court dismissed Ms. Christian's untimely petition for redetermination of her deficiency under 26 U.S.C. (I.R.C.) § 6213(a) for lack of jurisdiction. (ECF No. 6.2 at 38.) Ms. Christian appeals that jurisdictional dismissal, but recent circuit precedent compelled this result.

In *Organic Cannabis Foundation, LLC v. Commissioner*, this Court reaffirmed "more than 80 years" of its decisions "adopt[ing] a jurisdictional reading" of this important tax deadline. 962 F.3d 1082, 1092 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 2596 (2021); *see also id.*

- 2 -

at 1085, 1093-95.  It is thus "manifest that the questions on which the decision in th[is] appeal . . . depends are so insubstantial as not to justify further proceedings."  9th Cir. R. 3-6(a)(2).

## BACKGROUND

The IRS learned from third-party reporting that Ms. Christian had underreported her taxable income for 2021 by more than $54,000.[1] (ECF No. 6.2 at 20-21.)  The IRS told her about the discrepancy in a July 2023 notice and gave her a chance to dispute the proposed increase to her 2021 tax.  (ECF No. 6.2 at 6.)  But by April 2024, she had neither disproved that she received the unreported income nor shown that she owed no additional tax.

On April 8, 2024, the IRS sent a notice of deficiency by certified mail to Ms. Christian at her home address in Snohomish, Washington. (ECF No. 6.2 at 16, 27, 34.)  The notice explained that she had until

---

[1] The IRS received Forms 1099 from Fidelity Investments reporting nearly $35,000 of taxable retirement income paid to Ms. Christian in 2021; a Form 1099-G from the State of Washington reporting $3,652 of unemployment insurance paid to her that year; and Forms W-2G from the Tulalip Gaming Organization reporting over $15,000 in gambling winnings.  (ECF No. 6.2 at 20-21.)

- 3 -

July 8, 2024, to petition the Tax Court to redetermine her deficiency. (ECF No. 6.2 at 16-17.) She missed that deadline by a longshot.

Ms. Christian waited until October 20, 2024—104 days after the statutory deadline in I.R.C. § 6213(a)—to file her petition for redetermination (and she apparently did so in response to the IRS's August 2024 demand for payment of the overdue tax). (ECF No. 6.1 at 1; ECF No. 6.2 at 1-2.) The IRS then moved to dismiss her petition for lack of jurisdiction because she had missed the deadline prescribed by I.R.C. § 6213(a), which gives a taxpayer 90 days after a notice of deficiency is mailed to file a petition challenging the Commissioner's deficiency determination in the Tax Court. (ECF No. 6.2 at 12-13.) Ms. Christian, in turn, objected on the ground that she allegedly "never received" the notice of deficiency and that the IRS could not prove that she had. (ECF No. 6.2 at 30-31.)

The Tax Court agreed with the Commissioner and dismissed Ms. Christian's untimely petition for lack of jurisdiction under I.R.C. § 6213(a). (ECF No. 6.2 at 35.) The Court explained that the 90-day petition deadline is jurisdictional and does not depend on a taxpayer's

- 4 -

actual receipt of the notice of deficiency. (ECF No. 6.2 at 34-35.)[2] The Court then found that the IRS had properly mailed the notice to Ms. Christian on April 8, 2024, and that she had filed her petition after her 90-day deadline expired. (ECF No. 6.2 at 34-35.)

Ms. Christian timely appealed within 90 days of the Tax Court's dismissal order. (ECF No. 6.1 at 2; ECF No. 6.2 at 36, 46-47.) *See* I.R.C. § 7483; Fed. R. App. P. 13(a)(1). This Court has appellate jurisdiction. I.R.C. § 7482(a)(1).

## ARGUMENT

Section 6213(a) lets taxpayers petition the Tax Court for a redetermination of a deficiency, but only if they file the petition

---

[2] In any event, despite her claim of nonreceipt, the official tracking information shows that someone collected the notice of deficiency from the Snohomish Post Office on April 20, 2024, after an unsuccessful home delivery attempt. *See* USPS.com, *USPS Tracking for 9307110756202329246652* (click "See All Tracking History") [https://perma.cc/BCA3-DGGF]. So if Ms. Christian did not collect the notice herself, she would have needed to complete an authorization form to "designate someone [she] know[s] to pick up [her] mailpiece at the local Post Office." USPS.com, *PS Form 3849 Redelivery Notice* [https://perma.cc/PAH2-BZ9T]. *See generally* Fed. R. Evid. 201(b)(2) (allowing courts to take judicial notice of facts that are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

- 5 -

"[w]ithin 90 days . . . after the notice of deficiency authorized in Section 6212 is mailed" to the taxpayer. I.R.C. § 6213(a); *see also id.* § 6212(a)-(b)(1) (requiring the IRS to send such notices "by certified or registered mail" to the taxpayer's "last known address").

In *Organic Cannabis*, this Court held "that § 6213(a)'s time limits are jurisdictional" and thus not "subject to equitable exceptions, such as equitable tolling and waiver." 962 F.3d at 1092. The Court reaffirmed the jurisdictional reading in fidelity to the Supreme Court's efforts "'to bring some discipline to the use' of the term 'jurisdiction.'" *Id.* at 1093 (quoting *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013)). The Court reexamined Section 6213(a)'s text, context, and historical treatment and correctly found that the statute's "time limit for filing a petition in the Tax Court is jurisdictional." *Id.* at 1093; *see also id.* at 1094-95.

The Court is bound by *Organic Cannabis*. *See McBurnie v. RAC Acceptance East, LLC*, 95 F.4th 1188, 1193 (9th Cir. 2024). The decision has not been "overruled by an en banc decision of this circuit," nor has there been "intervening Supreme Court authority" that is "clearly irreconcilable with" *Organic Cannabis*. *Id.* (internal quotation marks

- 6 -

omitted). The "'clearly irreconcilable' requirement" sets "'a high standard.'" *Id.* (internal quotation marks omitted).

To be sure, the Third Circuit has since held that Section 6213(a)'s deadline is not jurisdictional, based in part on the Supreme Court's intervening decision in *Boechler, PC v. Commissioner*, 596 U.S. 199 (2022). *See Culp v. Commissioner*, 75 F.4th 196, 200-02 (3d Cir. 2023). But *Boechler* involved an entirely different Tax Court deadline, I.R.C. § 6330(d)(1), with its own (and different) text, context, and historical treatment. *See, e.g.*, *Allen v. Commissioner*, No. 22-12537, 2022 WL 17825934, at *2 (11th Cir. Dec. 21, 2022) (unpublished per curiam decision) (in granting summary affirmance to the Commissioner, explaining that "*Boechler* did not overrule our precedent [on Section 6213(a)]" and holding that "we are bound by prior panel precedent to apply the law holding the timely filing of a petition to challenge the notice of deficiency is a jurisdictional prerequisite for a suit in the Tax Court").

The full Tax Court has also since reaffirmed its longstanding view that the deadline is jurisdictional—distinguishing cases like this one from *Boechler*, embracing this Court's analysis in *Organic Cannabis*,

- 7 -

and rejecting the Third Circuit's analysis in *Culp*. *See generally Sanders v. Commissioner*, 161 T.C. 112 (2023); *Hallmark Rsch. Collective v. Commissioner*, 159 T.C. 126 (2022).[3] So whatever *Boechler* had to say about another Tax Court deadline, the Court should continue to follow *Organic Cannabis* here: Beyond being correctly decided, *Organic Cannabis* can still be applied "consistently with" *Boechler*. *McBurnie*, 95 F.4th at 1193 (internal quotation marks omitted). And on the basis of *Organic Cannabis* alone, the Court can affirm the dismissal of Ms. Christian's petition.

---

[3] *Hallmark Research* and *Sanders* are both "reviewed" decisions rendered by the full Tax Court, akin to en banc decisions issued by circuit courts. *See* I.R.C. § 7460(b); Mary Ann Cohen, *How to Read Tax Court Opinions*, 1 HOUS. BUS. & TAX. L.J. 1, 6-7 (2001).

- 8 -

## CONCLUSION

For these reasons, the Court should dispense with full merits briefing and summarily affirm the Tax Court's decision.

Respectfully submitted,

/s/ Isaac B. Rosenberg
ISAAC B. ROSENBERG
*Attorney*
*Tax Division*
*U.S. Department of Justice*
*Post Office Box 502*
*Washington, D.C. 20044*
Isaac.B.Rosenberg2@usdoj.gov
Appellate.TaxCivil@usdoj.gov

Dated: March 28, 2025

- 9 -

# CERTIFICATE OF COMPLIANCE

With Type-Volume Limitation, Typeface Requirements,
and Type Style Requirements

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d) because:

   [X] this motion contains **1,318** words, excluding the parts thereof exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ] this motion uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts thereof exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [X] this motion has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook, *or*

   [ ] this motion has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

(s)     /s/ Isaac B. Rosenberg

Attorney for   Commissioner of Internal Revenue

Dated  March 28, 2025

- 10 -

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s)** 25-1186

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Ms. Jacquie Christian
622 21st Pl.
Snohomish, WA 98290

**Description of Document(s)** *(required for all documents)*:

Motion for Summary Affirmance

**Signature** /s/ Isaac B. Rosenberg    **Date** March 28, 2025

*(use "*s/[typed name]*" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 15**    *Rev. 12/01/2018*